**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ROBERT M. MODEER and EMILY W. MODEER,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **No. 03-2783C** |
| | ) | **(Judge Bush)** |
| **THE UNITED STATES,** | ) | |
| **Respondent.** | ) | |

**DEFENDANT'S ANSWER**

For its answer to the plaintiff's complaint, defendant, the United States, admits, denies and alleges as follows:

1. Denies the allegations contained in the first sentence of Paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegation of the second sentence of Paragraph 1. The allegation contained in the third sentence of Paragraph 1 is a legal conclusion to which no answer is required; to the extent that it may be deemed an allegation of fact, it is denied.

2. Admits the allegations contained in the first sentence of Paragraph 2. Admits the allegations of the second sentence of Paragraph 2 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained therein.

3. Admits.

4. Denies the allegations contained in Paragraph 4. Avers that a portion of the property was used for storage of materials requiring cleanup.

5. Admits the allegations contained in Paragraph 5 to the extent supported by the contract

cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 5.

6. Denies the allegation contained in the first sentence of Paragraph 6. Avers that the Environmental Protection Agency's contractor completed the requisite cleanup one month prior to the confirmation by the State of Kansas. Admits the allegations contained in the second sentence of Paragraph 6 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 6.

7. Admits.

8. Denies.

9. Denies the allegations contained in Paragraph 9 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

10. Admits the allegation contained in the first sentence of Paragraph 10, with the exception that the first phrase of the first sentence of Paragraph 10 contains a legal conclusion to which no answer is required; to the extent the allegation contained in the first phrase of the first sentence of paragraph 10 may be deemed an allegation of fact, it is denied. Admits the allegation of the second sentence of Paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of Paragraph 10.

11. The allegations contained in Paragraph 11 are legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. The allegation contained in Paragraph 12 is a legal conclusion to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

13. The allegations contained in Paragraph 13 are legal conclusions to which no answer

is required; to the extent they may be deemed allegations of fact, they are denied.

14. Denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following Paragraph 13.

15. Denies each and every allegation not previously admitted or otherwise qualified.

Respectfully submitted,

PETER D. KEISLER.
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 514-7300

June 2, 2004

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June, 2004, a copy of the foregoing DEFENDANT'S ANSWER was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt