**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**ROBERT M. MODEER and**
**EMILY W MODEER,**

**Plaintiffs,**

**vs.** **Case No: 03-2783C**
**(Judge Bush)**

**UNITED STATES OF AMERICA,**

**Defendant.**

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**COME NOW** Plaintiffs Robert M. Modeer and Emily W. Modeer by and through their counsel, Reid F. Holbrook of Holbrook & Osborn, P.A., and moves this Court for summary judgment in their favor on their claims for unpaid rent and utility expenses pursuant to United States Court of Federal Claims Rule (RCFC) 56. In support of their motion, Plaintiffs submit a separate document titled Plaintiffs' Proposed Findings of Uncontroverted Fact pursuant to RCFC 56(h)(1) and the following:

**Arguments and Authorities**

**I. SUMMARY JUDGMENT IS APPROPRIATE IN FAVOR OF PLAINTIFFS**

Summary judgment in the United States Claims Court is properly granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56 of the Rules of the United States Claims Court (RUSCC) is patterned on Rule 56 of the Federal Rules of Civil Procedure (Fed.R.Civ.P.) and is similar in language and effect. *See Imperial Van Lines Int'l, Inc. v. United States*, 821 F.2d 634, 637 (Fed.Cir.1987); *Lichtefeld-Massaro, Inc. v. United States*, 17 Cl.Ct. 67, 70 (1989). Both Rules provide that summary

judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *RUSCC 56(c); Fed.R.Civ.P. 56(c).*

Rule 56(c) of the Rules of the United States Claims Court provides that in order for a motion for summary judgment to be granted, the moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Rust Communications Group, Inc. v. United States*, 20 Cl.Ct. 392, 394 (1990); *Lima Surgical Associates, Inc., Voluntary Employees' Beneficiary Ass'n Plan Trust v. United States*, 20 Cl.Ct. 674, 679 (1990), aff'd, 944 F.2d 885 (Fed.Cir.1991). In this case, no such material fact exists.

As a general proposition, although a lease may concern and convey a property interest, it is very much a contract. *See Keydata Corp. v. United States*, 205 Ct.Cl. 467, 482, 504 F.2d 1115, 1123 (1974). The interpretation of the language of a contract is a question of law, not fact. *See Fortec Constructors v. United States,* 760 F.2d 1288, 1291 (Fed.Cir.1985); *Hol-Gar Mfg. Corp. v. United States*, 169 Ct.Cl. 384, 386, 351 F.2d 972, 973 (1965). Thus, because this cause requests interpretation of the terms of the lease, the issue before the court can be viewed as one of law, which may properly be resolved by the court on summary judgment. *See Corman v. U.S.* 26 Cl.Ct. 1011, 1015 (1992). The facts in this case are undisputed and summary judgment is appropriate in favor of Plaintiffs.

## II. DEFENDANT OWES PLAINTIFFS FIVE MONTHS OF RENT

The undisputed facts establish that Defendant last paid rent on July 1, 2003. *See*

*Uncontroverted Statement of Facts # 10*. The parties disagree on whether the last day of the holdover leasehold period was November 9, 2003 or November 30, 2003. This disagreement does not preclude summary judgment because under either termination date, the Defendant owes Plaintiffs five (5) full months of rent.

**A. The Defendant Owes Plaintiffs Rent from July 1, 2003 to November 30, 2003.**

It is the Plaintiffs' position that the last day of the rental period was November 30, 2003. Therefore, Defendant's last payment on July 1, 2003 was for the entire month of June. Since Defendant remained on the leased premises through November 9, 2003, Defendant owes Plaintiffs rent for five months (July, August, September, October and November). *See Uncontroverted Statement of Facts # 6.*

K.S.A. 58-2503 provides that "when rent is reserved payable at intervals of three months or less, the tenant shall be deemed to hold from one period to another equal to the interval between the days of payment, unless there is an express contract to the contrary."

Thus, the statutory holdover period is thirty days, the interval between days of payment which throughout the term of the lease agreement has been monthly payments in arrears on the first day of the next month. There is no express contract for the payment of rent at intervals of less than thirty days, nor is there any conduct by Plaintiffs or Defendant that indicates contrary payment intervals of less than monthly.

**B. The Defendants Owe Plaintiffs Rent from June 10, 2003 to November 9, 2003**

Defendant's position is that the leasehold period expired on the ninth day of each month. *See Uncontroverted Statement of Facts # 6.* Under the Defendant's interpretation of the lease, Plaintiffs are still entitled to five months of rent.

As stated above, the lease agreement provided that rent, one month in arrears, was due on the first working day of each month and Defendant paid that rent according to that schedule until July 1, 2003. *See Statement of Uncontroverted Facts # 3 and #5.* According to lease provision 28.552.232-71(a)(1)(i), rent is due when the rental period commences "on the 15th day of the month or earlier, the initial rental payment under this contract shall become due on the first workday of the month following the month in which the commencement of the rent is effective." *See Supplemental Lease Agreement attached hereto as Exhibit A.* If the Defendant's position is correct, then the July 1, 2003 rental payment would have been for the period May 10, 2003 to June 9, 2003. Consequently, Defendant has failed to pay Plaintiffs rent for five full months. The following table illustrates Defendant's non-payment of its contractual obligation under the Defendant's interpretation of the lease agreement..

| Rental Period | Date Due | Amount To Be Paid |
|---|---|---|
| June 10 - July 9 | August 1, 2003 | $66,125.75 |
| July 10 - August 9 | September 2, 2003 | $66,125.75 |
| August 10 - Sep. 9 | October 1, 2003 | $66,125.75 |
| Sep. 10 - October 9 | November 3, 2003 | $66,125.75 |
| October 10 - Nov. 9 | December 1, 2003 | $66,125.75 |
| **TOTAL:** | | **$330,628.80** |

The controlling law in this case is Kansas law. As stated above, K.S.A. 58-2503 provides that "when rent is reserved payable at intervals of three months or less, the tenant shall be deemed to hold from one period to another equal to the interval between the days of payment, unless there is an express contract to the contrary." The lease in this case was a monthly rental arrangement between the parties and no express contract provided for a different holdover period.. *See Statement of Uncontroverted Facts # 3.* Therefore, judgment is appropriate in plaintiffs favor for five months of

rental payment in the sum of $330,628.80.

The disagreement as to the last day of the lease does not preclude summary judgment because under either termination date, the Defendant owes Plaintiffs five (5) full months of rent. It appears clear to Plaintiffs that Defendant has been withholding payment for the utility bills and four months admitted rent in order to coerce a concession on the number of days in the fifth month that are under dispute.

## III. PLAINTIFFS ARE ENTITLED TO PAYMENT FOR THE UTILITY BILLS INCURRED DURING THE HOLDOVER PERIOD

Pursuant to the request of Dale Bates, an agent for Defendant, Plaintiffs left the utilities running on the property until the leased property was "adequately cleaned up" and evacuated on November 4, 2003. *See Statement of Uncontroverted Facts # 10*. Consequently, Plaintiffs incurred $ 4,379.03 in expenses and Defendant has failed to reimburse them. *See Statement of Uncontroverted Facts #11.* In Kansas, the basic elements of claim based upon theory of unjust enrichment are threefold: (1) benefit conferred upon defendant by plaintiffs; (2) appreciation or knowledge of benefit by defendant; and (3) acceptance or retention by defendant of benefit under such circumstances as to make it inequitable for defendant to retain benefit without payment of its value. *See T.R. Inc. of Ashland, Inc. v. Brandon*, 87 P. 3d 331 (Kan., 2004). All three of these elements are present in this case and judgment is appropriate as a matter of law in favor of Plaintiffs for the utility bills in the amount of $ 4,379.03

## IV. PLAINTIFFS ARE ENTITLED TO INTEREST UNDER 41 USC § 611

According to the lease, the Defendant agreed to pay an interest penalty if payment was not made by the due date. "The interest penalty shall be at the rate established by the Secretary of

Treasury under Section 12 of the Contract Disputes Act of 1978 that is in effect on the day after the due date. Further, the interest penalty shall accrue daily on the payment amount approved by the Government and be compounded in 30 day increments inclusive from the first day after the date through the payment date." *See Section 28.552.232-71(c) of Exhibit A.* Under the Contract Disputes Act, interest is due and payable from the date payment was requested until the date of payment.

> Interest on amounts found due contractors on claims shall be paid to the contractor from the date the contracting officer receives the claim pursuant to section 605(a) of this title from the contractors until payment thereof. The interest provided for in this section shall be paid at the rate established by the Secretary of the Treasury pursuant to Public Law 92-41 (85 Sta. 97) for the Renegotiation Board. 41 U.S.C. § 611.

On August 7, 2003, Plaintiffs made a claim for unpaid rent to S. Dennis Clemons, the Contracting Officer. *See #15, 16 and 17 of Defendant's Response to Plaintiffs' First Requests for Admissions attached hereto as Exhibit B. See also August 7, 2003 Letter from Robert Modeer to S. Dennis Clemons attached hereto as Exhibit C.* To date, the claim remains unpaid. Thus, judgment of interest on the withheld payments for rent and utility bills is appropriate as a matter of law.

**WHEREFORE,** Plaintiffs respectfully request the Court to grant their Motion for Summary Judgment, order Defendant to pay costs, the principal amount of $330,28.80 in unpaid rent, utility bills in the principal amount of $4,379.03, plus the appropriate interest under 41 U.S.C. §611.

**HOLBROOK & OSBORN, P.A.**

BY: /s/ Reid F. Holbrook

REID F. HOLBROOK MO#40380
LAWRENCE J. LOGBACK MO#46552
7400 West 110th Street
Overland Park, KS 66210
(913) 342-2500
(913) 342-0603 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that the original and one copy of the above and foregoing has been mailed, postage prepaid, this 2nd day of March, 2005, to Mr. James D. Colt, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, 1100 L Street, NW, ATTN: Classification Unit, 8th Floor, Washington, DC 20530.

By: /s/ Reid F. Holbrook
REID F. HOLBROOK