IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RECEIVED
JAN 0 3 2005
HOLBROOK OSBORN, P.A.

| | | |
|---|---|---|
| ROBERT M. MODEER and EMILY W. MODEER, | ) | |
| Petitioner, | ) | |
| v. | ) | No. 03-2783C (Judge Bush) |
| THE UNITED STATES, | ) | |
| Respondent. | ) | |

DEFENDANT'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

In accordance with Rules 26 and 33 of the Rules of the United States Court of Federal Claims ("RCFC"), the Government submits the following responses to plaintiff's first set of interrogatories.

GENERAL STATEMENTS AND OBJECTIONS

The Government asserts and incorporates by reference the following general objections to plaintiffs' interrogatories as though they were set forth in full in each response.

1. Privileged/Protected Material: The Government objects to each interrogatory to the extent that it is deemed to require disclosure of classified or confidential information, or protected information; or matters subject to the attorney-client communication privilege, the attorney work product doctrine, the deliberative process privilege, a law enforcement and/or investigatory files privilege, executive privilege, and any other privilege; any statutory or regulatory restriction upon the disclosure of information, including but not limited to the Privacy Act; or information prohibited from being disclosed by law.

2. Discovery Is Not Complete; No Waiver: Discovery has not concluded in this litigation. Accordingly, the responses of the Government to this discovery request are based

EXHIBIT
B

upon the information available at this stage of the litigation. The Government reserves the right to rely upon any facts, documents, or other evidence which may develop or come to its attention subsequent to this response.

Likewise, the objections made by the Government to plaintiff's first interrogatories are based upon the information presently known by the Government, and are made without prejudice to the Government's right to assert additional objections in the event that additional grounds for objections should be discovered by the Government subsequent to this response. Moreover, the mere fact that the Government has responded to a particular interrogatory is not a waiver by the Government of any presently stated, or subsequently asserted, objection to a particular interrogatory.

3. Information Not In Possession Of Current Employees: The Government objects to each interrogatory to the extent that it would require the Government to obtain and disclose information that is not within the knowledge or possession of current employees.

4. Unduly Burdensome Request For Production: The Government objects to each interrogatory to the extent that it is duplicative or otherwise unduly burdensome.

5. Information Beyond The Scope of Permissible Discovery: The Government objects to each interrogatory to the extent that it requires the Government to furnish information or documents beyond the scope of the RCFC.

6. Telephone Numbers of Current Government Employees: Unless otherwise indicated, all individuals identified in response to plaintiff's interrogatories are current Government employees who may be contacted through the undersigned counsel for the United States.

Subject to and without waiving the above objections, the Government will provide any relevant non-privileged and responsive information and documents currently available to it that is within the possession, custody and control of the Government, subject only to the requirements for supplementation of responses set forth in RCFC 26(e).

## DEFENDANT'S RESPONSES

Interrogatory Number 1:

If you deny Request for Admission No. 4, please identify the hazardous waste materials that were specifically permitted to remain on the leased premises for testing.

Response:

Defendant admitted that it used a portion of the property for the storage of materials that required that the premises be cleaned subsequent to storage.

Interrogatory Number 2:

Please identify the materials listed in your responses to Interrogatory #1that were actually stored on the leased premises.

Response:

Defendant incorporates by reference its response to Interrogatory #1.

Interrogatory Number 3:

If you deny Request for Admission No. 6, 7, 8, and 9, inclusive, state every factual basis upon which such denial was made.

Response:

In response to Request for Admission No. 6, Defendant admitted that the lease required "adequate clean-up," which it defined as compliance with a "closure plan" contained in the Kansas Dept. of Health and Environment ("KDHE") storage permit. The EPA was not required to separately "submit" a plan to the KDHE aside from the acquisition of the storage permit, which the EPA complied with.

Defendant admitted Requests for Admission Nos. 7 and 8.

In response to Request for Admission No. 9, Defendant admitted that the EPA was required to stay past July 9, 2003, to complete cleanup of the property. The cleanup of the property required more than the removal of materials from the property.

Interrogatory Number 4:

State the last day that the EPA, and/or any of its employees, agents or contracting parties were present on the leased premises to treat, remove from the leased premises or to dispose all hazardous wastes in accordance with the closure plan.

Response:

The EPA finished its cleanup of the property by November 4, 2003.

Interrogatory Number 5:

State the last day that the EPA, and/or any of its employees, agents or contracting parties, were present at the leased premises for any reason.

Response:

Defendant incorporated by reference its response to Interrogatory #5. It is not aware that EPA officials were on the premises after November 9, 2003.

Interrogatory Number 6:

State the last day that the defendant contends that it is obligated to pay rent.

Response:

Defendant contends that any holdover tenancy created would have ended on November 9, 2003.

Interrogatory Number 7:

State the factual reasons for selection of the date stated in Interrogatory #6.

Response:

The period of the prior lease ended on the 9th day of the month. Any holdover tenancy created would have been on a month-to-month basis and would have been on the same terms as the prior tenancy, including monthly beginnings on the 10th day of the calendar month. Since the cleanup of the property was completed prior to November 9, 2003, the holdover tenancy would have ended on that date.

Interrogatory Number 8:

State which of the utility expenses furnished to counsel for defendant in Exhibit C to Admissions, which defendant denies responsibility for payment.

Response:

Defendant had not seen those documents prior to plaintiff's Request for Admissions. It could not pay any alleged utility costs for which the plaintiff had repeatedly failed to provide invoices despite several requests.

<u>Interrogatory Number 9</u>:

State the factual reason for disputing any expense identified in Interrogatory #8.

<u>Response</u>:

Defendant incorporates by reference its response to Interrogatory No. 9.

PETER D. KEISLER.
Assistant Attorney General

DAVID M. COHEN
Director

MARK A. MELNICK
Assistant Director

JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 514-7300

December 21, 2004

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2004, I faxed a copy of the foregoing DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES with subsequent delivery by first-class mail to the following:

Reid F. Holbrook
757 Armstrong Avenue
P.O. Box 171927
Kansas City, KS 66117-0927
(913) 342-0603 (fax)

Karlisha Bethea