IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT M. MODEER and<br>EMILY W. MODEER,<br><br>Petitioner,<br><br>v.<br><br>THE UNITED STATES,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 03-2783C<br><br>(Judge Bush) |

DEFENDANT'S MOTION TO DISMISS
AND ALTERNATIVE CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 12(b)(1) of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that this Court dismiss for lack of subject matter jurisdiction the plaintiff's complaint upon the ground that the plaintiff failed to submit a claim to the contracting officer for a final decision as required by the Contract Disputes Act, 41 U.S.C. § 605(a). In the alternative, pursuant to RCFC 56, defendant moves that this Court issue partial summary judgment in its favor and deny plaintiffs' motion for summary judgment. In support of our opposition, we rely upon the pleadings, Defendant's Proposed Findings of Uncontroverted Facts and the following brief.

QUESTIONS PRESENTED

1. Whether the Modeers have complied with the jurisdictional prerequisites of 41 U.S.C. § 605(a) before filing this lawsuit.

2. Whether any period of holdover tenancy created after the lease period would have ended on November 9, 2003 or on November 30, 2003.

# STATEMENT OF THE CASE

## I. Nature Of The Case

This matter is a contract dispute between plaintiffs, the Modeers, and the United States, acting through General Services Administration ("GSA"). The Modeers claim that the Government is liable to pay an additional five months of rent ending on November 30, 2003. However, the Modeers never made a written claim for a sum certain as required by 41 U.S.C. § 605(a). In any case, any holdover period created would have ended on November 9, 2003.

## II. Procedural History

The Modeers filed this action on November 26, 2003. The parties have conducted discovery. On March 2, 2005, the plaintiffs moved for summary judgment in their favor, asserting that the Government owed them for 5 months of unpaid rent and utility bills pursuant to a property lease. Defendant requests that this Court dismiss the plaintiffs' complaint for lack of subject matter jurisdiction and, in the alternative, grant partial summary judgment in its favor, and deny plaintiff's motion for summary judgment.

## III. Statement Of Facts

In 1987, the General Services Administration ("GSA") leased property located at 25 Funston Road in Kansas City, Kansas ("the property") on behalf of the Environmental Protection Agency ("EPA"). Pl.'s Compl. ¶¶ 2-3. The owners of the property were Robert W. Modeer and Emily W. Modeer. Id. ¶ 2. The lease was extended and modified several times, with the last written extension running from July 10, 2002, until July 9, 2003. Def.'s Proposed Findings of Uncontroverted Fact ("PFUF") ¶ 2.

The lease expired on July 9, 2003 and the Modeer's complaint alleges that the rent was

only paid up to July 1, 2003. Pl.'s Compl. ¶ 7; Def.'s PFUF Attach. C. On August 7, 2003, Mr. Modeer sent the contracting officer, Dennis Clemons, a letter claiming that the Government owed rent for July 1, 2003 through July 9, 2003, though not specifying an amount. Pl.'s Compl. ¶¶ 10-11; Def.'s PFUP Attach. D. However, the EPA stored materials at the property that required cleanup and remediation after the EPA ceased use of the property. Def.'s PFUF ¶ 7. During this holdover period, the EPA asked that utilities remain connected to allow the cleanup. Def.'s PFUF ¶ 8. The plaintiffs and the government agree that satisfactory cleanup was not completed until November 4, 2003. Pl.'s Compl. ¶ 6.

In a Complaint dated November 26, 2003, the Modeers brought suit in this Court for $330,628.75 in rent through November 30, 2003, as well as $4,021.69 in utilities.

SUMMARY OF THE ARGUMENT

The Modeers never submitted a written claim to the contracting officer for a sum certain for the amounts that they seek in their complaint. The correspondence that they have claimed meets the jurisdictional prerequisite of a claim did not cover the amounts they request herein, and, in any case, did not satisfy the requirements of 41 U.S.C. § 605(a). For this reason, their complaint should be dismissed for lack of subject matter jurisdiction.

Alternatively, discovery has shown that any period of holdover tenancy in this matter would have ended on November 9, 2003, at the latest, and the plaintiff's alternative assertion that the Government failed to pay rent through July 1, 2003, is disputed and contradicts the Complaint with which the Modeers initiated this case and which they never sought to amend. In addition, the Modeers have not shown that it is undisputed that they are entitled to be paid for the utility costs that they seek. For these reasons, the defendant is entitled to partial summary

judgment in its favor and plaintiff's motion for summary judgment should be denied.[1]

ARGUMENT

I. This Court Lacks Jurisdiction To Entertain The Modeers' Complaint

It is the plaintiff's burden to show proper jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997). Complaints may not assert claims that Congress did not intend to put before this Court. See, e.g., United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). Jurisdiction may be raised at any time by parties or even by the Court sua sponte. Hambsch v. United States, 857 F.2d 763, 764 (Fed. Cir. 1988); Texas State Bank v. United States, 60 Fed. Cl. 815, 817 (2004).

This Court's jurisdiction is limited. Dynalectron Corp. v. United States, 4 Ct. Cl. 424, 428 (1984). It can only entertain claims with regard to which the United States has waived its sovereign immunity. Testan, 424 U.S. at 399. Jurisdiction in this Court must be construed strictly and all conditions placed upon such grant must be satisfied before the Court may assert jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980).

---

[1]The Modeers assert that the Government owes them $4,379.03 for utilities used at the property to facilitate cleanup. Pl.'s Br. at 5. This is $357.34 more than the $4,021.69 that they sought in their complaint. This discrepancy is apparently explained by the notation on page 6 of the bills they provided that the $357.34 represented a "deposit for [the] account." Def.'s Proposed Findings Of Uncontroverted Fact ("PFUF") ¶ 11. The Government would not be liable for a deposit amount that was presumably returned to the Modeers and which was not mentioned in their complaint. The Modeers acknowledge that they failed to provide us with bills purporting to substantiate these alleged costs until April 8, 2004. Def.'s PFUF ¶ 10. We do not have reason to dispute the accuracy of these bills, though we note that the Modeers never made a written demand to the contracting officer for these amounts, which deprives this Court of subject matter jurisdiction over a claim for them and deprives the Modeers of any right to interest on that amount.

Pursuant to the Tucker Act, 28 U.S.C. § 1491(a), and the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601, et. seq., this Court possesses jurisdiction to hear contract disputes involving the United States.[2] However, under the CDA, the Government's sovereign immunity is not waived unless a contractor has first made a written claim to the contracting officer. 41 U.S.C. § 605(a). The Federal Acquisition Regulation ("FAR") defines a claim as:

> A written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising from or relating to the contract.

48 C.F.R. § 52.233-1(c)(2003). This definition of a claim is controlling for jurisdictional purposes. CPS Mech. Contractors, Inc. v. United States, 59 Fed. Cl. 760 (2004). In order to be deemed valid, a claim "must be (1) a written demand or assertion, (2) seeking, as a matter of right, (3) the payment of money in a sum certain." Reflectone Inc. v, Dalton, 60 F.3d 1572, 1575 (Fed. Cir. 1995). Contractors who have not met the prerequisites of 41 U.S.C. § 605 may not invoke this Court's jurisdiction. See, e.g., Rex Sys., Inc. v. Cohen, 224 F.3d 1367, 1372 (Fed. Cir. 2000); Arono, Inc. v. United States, 49 Fed. Cl. 544, 548 (2001).

The only written claim that the Modeers assert that they made to satisfy the jurisdictional prerequisites of this Court was an August 7, 2003, letter to the contracting officer, Dennis Clemons. Pl.'s Compl. ¶¶ 10-13; Pl.'s Br. at 6. In that letter, Mr. Modeer expressed his disagreement with the Government over payment for the period July 1, 2003, through July 9,

---

[2] The CDA applies to "any express or implied contract . . . entered into by an executive agency for - (1) the procurement of property . . . [or] (2) the procurement of services . . . ." 41 U.S.C. § 602(a).

2003.[3] However, that letter did not demand any sum certain, as required by 41 U.S.C. § 605(a). Nor did it mention the alleged utility costs that the Modeers seek. More importantly, the letter did not make any sum-certain payment demand for the holdover period that the Modeers allege ended on November 30, 2003, though it constitutes the bulk of the amount they seek in this action. Indeed, this letter was written well before the alleged holdover period would have ended. The Modeers filed this lawsuit on November 26, 2003, before the end of the alleged tenancy for which they seek payment. The Modeers did not make any other written demand to the contracting officer that would afford this Court with subject matter jurisdiction. In addition, the sum which the Modeers claim is more than $100,000, and, therefore, would require a certification on the claim. 41 U.S.C. § 605(c)(1). Therefore, the Modeers have failed to meet the jurisdictional prerequisites of 41 U.S.C. § 605 and their complaint should be dismissed for lack of subject matter jurisdiction.

II. Alternatively, This Court Should Grant Partial Summary Judgment In Our Favor And, Conversely, Should Deny The Modeers' Motion For Summary Judgment

A. Summary Judgment Is Appropriate When No Material Facts Are Disputed

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. RCFC 56(c); Forman v. United States, 329 F.3d 837, 841 (Fed. Cir. 2003) (citing Anderson v. Liberty Lobby, 477 U.S. 242, 247-48 (1986)). "The focus in determining whether summary judgment is appropriate is the lack of disputed material facts. A material fact has been defined as a fact that will make a difference in the outcome of a case." Curtis v. United States, 144 Ct. Cl. 194, 199, 168 F. Supp. 213, 216

[3] The referenced letter is included with this motion as Attachment A.

(1958), cert. denied 361 U.S. 843 (1959). Stated differently, disputes over facts that would affect the outcome of a claim or defense will properly prevent summary judgment. See Anderson, 477 U.S. at 248. In deciding a motion for summary judgment, all justifiable inferences must be drawn in favor of the non-movant. Ambase Corp. v. United States, 58 Fed. Cl. 32, 40 (2003) (citing Anderson, 477 U.S. at 255).

B. Any Government Holdover Tenancy Would Have Ended On November 9, 2003

When a tenant overstays a lease, the result is a holdover tenancy. 49 A. Jur. 2d Landlord & Tenant § 366. A holdover tenancy follows the same terms and conditions as the original lease from which it arose, including time and amount of rent. Id. §§ 376, 377; see Corman v. United States, 26 Ct. Cl. 1011, 1013 n. 5, 1016 (1992) (defining a holdover period to end on the 26th day of the month when the prior lease had done so and holding that state law could supply guiding principles when Federal law had not clearly defined an issue of holdover tenancy); see also Becker v. McFadden, 561 P.2d 416, 419 (Kan. 1977) ("when a tenant holds over . . . the law implies a continuation of the original tenancy upon the same terms and conditions"); Swanson v. Public Storage, Inc., 2001 U.S. Dist LEXIS 6953 (D. Kan. 2001).

The Modeers admit that both the initial lease between the Government and the supplemental lease extending the lease period specified lease periods that terminated on the ninth day of the calendar month. Def.'s PFUF ¶ 3. They further acknowledge that there was no other document creating a lease ending at any other point other than the end of the month in question. Id. The Government continued using the property while it completed the cleanup. It is undisputed that the Government had completed the clean-up of the property by November 4, 2003. Def.'s PFUF ¶ 9. As a matter of law, there would be no basis for finding that the

Government was liable for rent up to November 30, 2003, when it had left the property by November 4, 2003, and the original leases had ended on the ninth day of the month.[4]

## CONCLUSION

For the foregoing reasons, we request that this Court dismiss the plaintiff's complaint for lack of subject matter jurisdiction. Alternatively, we request that this Court grant summary judgment in our favor and deny the plaintiff's motion for summary judgment.

Respectfully submitted,

PETER D. KEISLER.
Assistant Attorney General

DAVID M. COHEN
Director

[4]In their Complaint, the Modeers acknowledged that, "[r]ent pursuant to the lease was paid through June 30, 2003." Pl.'s Compl. ¶ 7. However, the Modeers now argue, as an alternative to their allegation that a holdover period would have ended on November 30, 2003, that, if the Government is not liable for rent past November 9, 2003, then its rental obligations from July 10, 2003, were unpaid. Pl.'s Br. at 3-5. This contradicts the Modeer's own complaint. Aside from contradicting their complaint, the Modeers did not explore this question in discovery and have not provided evidence to show that their allegation about the time period for which rent was not paid was incorrect. In their motion, the Modeers have asked the Court to grant summary judgment based upon inferences that rent for the bulk of the month of June 2003 was unpaid even though it is at odds with their original argument and was not explored in discovery. Given that RCFC 56(c) makes clear that summary judgment requires that the pleadings as well as evidence derived from discovery show an absence of a genuine factual issue, summary judgment in the Modeers' favor would not be appropriate.

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/James D. Colt
JAMES D. COLT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 514-7300

April 4, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2005, a copy of the foregoing DEFENDANT'S MOTION TO DISMISS AND ALTERNATIVE CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt