**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**ROBERT M. MODEER and**
**EMILY W MODEER,**

**Plaintiffs,**

**vs.** **Case No: 03-2783C**
**(Judge Bush)**

**UNITED STATES OF AMERICA,**

**Defendant.**

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND ALTERNATIVE CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND REPLY TO OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**COME NOW** Plaintiffs Robert M. Modeer and Emily W. Modeer by and through their counsel, Reid F. Holbrook of Holbrook & Osborn, P.A., and responds to Defendant's Motion to Dismiss and Cross Motion for Partial Summary Judgment and replies to Defendant's Opposition to Plaintiffs' Motion for Summary Judgment. In support of their responses and reply, Plaintiffs submit the following:

## Arguments and Authorities

## I. JURISDICTION IS PROPER IN THIS COURT

### A. Plaintiffs' August 7, 2003 Letter to Contracting Officer is a "Valid Claim" under the Contract Disputes Act.

This action involving the United States as a party to a contractual dispute is appropriately before the Court pursuant to the Tucker Act, 28 U.S.C. § 1491(a) and the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601, *et. seq*. In order for this Court to have jurisdiction and for the

Defendant to have waived sovereign immunity, the Plaintiffs must have made a written claim to the contracting officer, Dennis Clemons. 41 U.S.C. § 605(a). In order for a claim to be deemed valid, a claim "must be (1) a written demand or assertion; (2) seeking, as a matter of right; and (3) the payment of money in sum certain." *See* 48 C.F.R. § 52.233-1(c)(2003) and *Reflectone Inc. v. Dalton*, 60 F. 3d 1572, 1575 (Fed. Cir., 1995). Plaintiffs' August 7 letter to the contracting officer fulfills these requirements.

It is undisputed that the first two factors of the above referenced test are met as the August 7 letter was in writing and asserted payment as a matter of right under the lease entered into between the parties. *See Exhibit D to Def.'s PFUF*. Consequently, Defendant's only alleged ground for dismissal is that this Court lacks jurisdiction because Plaintiffs failed to specify the amount of money owed in a "sum certain." In reaching this conclusion, Defendant ignores that Plaintiffs specified in the August 7 letter that "the Government is a holdover tenant with rent accruing at the pro rata rate of $793,509 per year until clean up is complete." *See p. 1 of Exhibit D to Def.'s PFUF*. This Court has previously ruled that the "specified sum" requirement is satisfied "if the contractor sets out the specific amount it is seeking or if the amount in dispute can be easily determined by a simple mathematical calculation or from the Contractor's submission to the Contracting Officer." *See CPS Mech. Contractors, Inc. v. United States*, 59 Fed. Cl. 760, 764 (2004). In this case, the math is very simple. The Government held over for five months (5 x $66,125,75) at the pro rata annual rate of $793,509, which is $330,628.80. Consequently, this claim over the non-payment of rent and utilities is appropriately before the Court.

Not only is Defendant's theory for dismissal unsupported by statutory authority or case law, the rationale is also against public policy by precluding the remedy called for by 41 U.S.C. §§ 601,

et. seq. and the lease. Under the Defendant's theory, the Defendant could hold over indefinitely, not pay rent and deny Plaintiffs access to the premises. The Plaintiffs would be denied recourse to the Courts as they would not be able to ascertain a "specified sum" because the rent and utilities would still be accruing. This result does not reflect Congress' intent in enacting the Contract Disputes Act. Therefore, the Court should overrule the Defendant's Motion to Dismiss.

**B. All Other Jurisdictional Requirements Are Satisfied.**

Plaintiffs satisfied all other jurisdictional requirements of 41 U.S.C. § 605(a) prior to filing this action on November 27, 2003. On August 7, 2003, Plaintiffs submitted a written claim to the contracting officer for a decision. *See Exhibit D to Def.'s PFUF.* Since the claim was for more than $100,000, Mr. Modeer certified the claim as required by 41 U.S.C. § 605(c)(1). "I certify that the amount is claimed in good faith and that all supporting documents are in possession of the Government. Further, I certify that the above sum is what the Government is liable for." *See p. 2 of Exhibit D to Def.'s PFUF.* The contracting officer failed within sixty days to issue a decision or notify Mr. Modeer of the time in which a decision would be issued pursuant to 41 U.S.C. § 605(c)(2). Moreover, the contracting officer did not notify Mr. Modeer of any defect in the certification of the claim pursuant to 41 U.S.C. § 605(c)(6). Thus pursuant to 41 U.S.C. § 605(c)(5), the claim was deemed denied and Plaintiffs were authorized to pursue this action. The Plaintiffs filed this action on November 26, 2003, which was well beyond the sixty days from the date the written claim was submitted to the contracting officer. Therefore, jurisdiction is proper in this Court.

**C. The Non-payment of the Utility Bills Arose Out of the Same Lease Agreement as the Unpaid Rent.**

It is not controverted that Dale Bates, Director of the EPA Regional Laboratory, requested

that utilities be left on and that Plaintiffs incurred $4,021.69 in expenses to leave on the utilities pursuant to his request[1]. *See Pl. PFUF, #13 and #14 and Def.'s Resp. to Pl.' PFUF, #13 and #14.* The unpaid utility bills arose out of the same lease agreement or business arrangement between the parties as the unpaid rent. As indicated above, the demand for the unpaid rent was submitted in writing for a decision to the contracting officer on August 7, 2003. *See Exhibit D to Def.'s PFUF* It is not a difficult mathematical calculation to include the undisputed unpaid utility bills of $4,021.69 to the balance of the unpaid rent. *See CPS Mech. Contractors, Inc. v. United States*, 59 Fed. Cl. 760, 764 (2004). Thus, the Court has proper jurisdiction over the unpaid utility bills and should grant judgment in favor of Plaintiffs as the Defendant admits owing this amount.

## II. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED AND DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE DENIED

This case turns on the following undisputed facts:

1. Defendant held over occupancy on a lease terminating on July 9, 2003 because it failed to clean up hazardous materials by that date necessitating remedial action at the leased premises *See Pl. PFUF, # 3 and #4 and Def.'s Resp. to Pl. PFUF, #3 and #4*;

2. The remediation was not completed until November 4, 2003 *See Pl. PFUF, # 5 and Def.'s Resp. to Pl. PFUF, #5;*

3. The lease calls for monthly payments in arrears on the first day of the month *See Pl. PFUF, # 9 and Def.'s Resp. to Pl. PFUF, #9*;

4. The monthly rent of $66,125.75 was last paid on July 1, 2003. *See Pl.*

---

[1]Plaintiffs erroneously included the $357.34 utility deposit in the Plaintiffs' Proposed Findings of Uncontroverted Facts, #14. The correct figure is $4,021.69, which is the amount claimed in the Complaint and in Defendant's Findings of Uncontroverted Facts, #11.

*PFUF, # 10 and Def.'s Resp. to Pl. PFUF, #10*; and

5. At the request of Defendant, Plaintiffs provided utility service during the cleanup period *See Pl. PFUF, # 13 and Def.'s Resp. to Pl. PFUF, #13.*

The sole issue in dispute is whether the unpaid rent is four months as contended by Defendant or five months as contended by Plaintiffs. No tender of the four months rent Defendant admittedly owes has been made. No tender of payment for utilities requested by Defendant has been made. To date, no reason or explanation for nonpayment of the amounts admittedly owed has ever been given by Defendant.

Kansas law provides that "when rent is reserved payable at intervals of three months or less, the tenant shall be deemed to hold from one period to another equal to the interval between days of payment, unless there is an express contract to the contrary." *See* K.S.A. 58-2503. Plaintiffs contend that the last $66,125.75 payment on July 1, 2003 was for the calendar month of June 1 to June 30, 2003, paid in arrears. If the July 1, 2003 payment was for the calendar month of June, 2003, the holdover period by Kansas law includes the entire month of November, 2003 when clean up of hazardous materials was completed. Thus, Plaintiffs would be owed for entire months of July, August, September, October and November. Plaintiffs are entitled to summary judgment for the five month unpaid/holdover period from July 1, 2003 through November 30, 2003.

Defendant contends that the lease commenced on the 10th day of the month and ended on July 9, 2003. *See Defendant's Response to Plaintiffs' Request for Admissions, #18.* The lease provides that if the term commences on the 15th day of the month or earlier, the rental payments "shall be paid monthly in arrears and will be due on the first workday of each month following the month in which the commencement is effective. *See Supplemental Lease Agreement 28.552.232.71 attached hereto*

*as Exhibit A; See also Defendant's Response to Plaintiffs' Request for Admissions #19 attached as Exhibit A to Plaintiff's PFUF.* If Defendant's contention is correct, the July 1, 2003 payment of $66,125.75 was for the period May 10, 2003 to June 9, 2003 and the five month unpaid holdover would be June 10, 2003 to November 9, 2003. Thus, Plaintiffs would be owed rent for five unpaid/holdover months: (1) June 10 to July 9; (2) July 10 to August 9; (3) August 10 to September 9; (4) September 10 to October 9; and (5) October 10 to November 9.

In either case the unpaid rent is five full months, from July 1, 2003 to November 30, 2003, as Plaintiff contends or, according to the position of Defendant, from June 10, 2003 to November 9, 2003. In either case, Plaintiffs are entitled to summary judgment for five months of rent.

The only way that unpaid rent could be four months rather than five is for the July 1, 2003 payment of $66,125.75 to be a prepayment of rent through July 9, 2003 in which case the unpaid rent would be the four months from July 10, 2003 to November 9, 2003. Nothing in the pleadings, the lease, the discovery, any document or any position taken contemplates prepayment of rent. The position of Defendant is expressly contrary to the lease which states that all payments are to be in arrears. Defendant cannot have it both ways with monthly payments in arrears that are prepaid through July 9, 2003.

**WHEREFORE,** Plaintiffs respectfully request the Court to deny Defendant's Motion to Dismiss, Defendant's Motion for Partial Summary Judgment and to grant Plaintiffs' Motion for Summary Judgment, order Defendant to pay costs, the principal amount of $330,28.80 in unpaid rent, utility bills in the principal amount of $4,021.69, plus the appropriate interest under 41 U.S.C. §611.

**HOLBROOK & OSBORN, P.A.**

BY: /s/ Reid F. Holbrook

REID F. HOLBROOK MO#40380
7400 West 110th Street
Overland Park, KS 66210
(913) 342-2500
(913) 342-0603 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that the original and one copy of the above and foregoing has been mailed, postage prepaid, this __ day of April, 2005, to Mr. James D. Colt, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, 1100 L Street, NW, ATTN: Classification Unit, 8th Floor, Washington, DC 20530.

By: /s/ Reid F. Holbrook
REID F. HOLBROOK