**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**ROBERT M. MODEER and**
**EMILY W MODEER,**

**Plaintiffs,**

**vs.** **Case No: 03-2783C**
**(Judge Bush)**

**UNITED STATES OF AMERICA,**

**Defendant.**

**PLAINTIFFS' RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

**COME NOW** Plaintiffs Robert M. Modeer and Emily W. Modeer by and through their counsel, Reid F. Holbrook of Holbrook & Osborn, P.A., and submit to this Court pursuant to United States Court of Federal Claims Rule 56(h)(2) the Plaintiffs' Response to Defendant's Proposed Findings of Uncontroverted Fact.

1. Plaintiffs agree with finding as stated.

2. Plaintiffs disagree with finding as stated. The finding misstates Exhibit C, the Supplemental Lease Agreement. Plaintiffs propose the following, "The lease was extended and modified several times, with the last amendment extending the lease for one year, retroactive to July 10, 2002, and continuing through July 9, 2003, inclusive."

3. Plaintiffs agree with finding as stated.

4. Plaintiffs disagree with finding as stated. The finding misstates the evidence in the

record. The lease provided that rent, one month in arrears, was due on the first business day of the month. *See Plaintiff's Proposed Findings of Uncontroverted Facts, #9 and Defendant's Response to Plaintiffs' Proposed Findings of Uncontroverted Facts, #9.* The Court should either interpret "the one month in arrears"clause in the lease to mean the month immediately preceding the first business day of each month (i.e. June 30) or to mean the thirty day period prior to the ninth of each month (monthly equivalent of termination date of lease). As indicated in the Plaintiffs' Motion for Summary Judgment, although this a matter of dispute, Plaintiffs prevail under either interpretation. If the monthly payments are deemed to run through the last day of each month, then Plaintiffs are entitled to five monthly rental payment for the months of July, August, September, October and November. If the monthly payments are deemed to run through the ninth of each month, then Defendant failed to pay Plaintiffs rent from June 10 to November 9, which is also a period of 5 months. Plaintiffs propose the following. "The lease provided that rent, one month in arrears, was due on the first business day of the month and the last payment made by Defendant to Plaintiffs was on July 1, 2003."

5. Plaintiffs disagree with finding as stated. The finding misstates the plain language of the August 7, 2003 letter from Robert Modeer to Dennis Clemons attached as Exhibit D. Plaintiffs did not limit their demand for payment from the period July 1, 2003 through July 9, 2003. Instead, the Plaintiffs requested payment for payment of all holdover rent. "Until such time as KDHE certifies that the Government has completed clean up, the Government is a holdover tenant with rent accruing at the pro rata rate of $793,509 per year until clean up is complete." Plaintiffs propose the following: "On August 7, 2003, Mr. Modeer sent the contracting officer, Dennis Clemons, a letter claiming that the Government owed rent as holdover tenant with rent accruing at the pro rata rate of $793,509 per year until clean up is complete."

6. Plaintiffs disagree with finding as stated. The finding implies that Defendant did not comply with the requirements of 41 U.S.C. § 605(a). In the August 7, 2003 letter, Mr. Modeer made a claim in writing to the contracting officer, cited 41 U.S.C. §§ 601-613, demanded payment for the pro rata portion of the annual rental rate of $793,509, certified the demand as accurate and waited more than sixty days for a decision from the contracting officer before filing this action on November 26, 2003. Plaintiffs propose the following: "The August 7, 2003 letter from Mr. Modeer to the contracting officer, Dennis Clemons, complied with the notice requirements of 41 U.S.C. § 605(a)."

7. Plaintiffs disagree with finding as stated. The use of the word "(h)owever" implies that a misunderstanding existed as to the reasons why the Government was a holdover tenant. Plaintiffs propose the following: "The EPA stored materials at the property that required cleanup and remediation after the expiration of the lease on July 9, 2003."

8. Plaintiffs agree with finding as stated.

9. Plaintiffs agree with finding as stated.

10. Plaintiffs agree with finding as stated.

11. Plaintiffs agree with finding as stated.

12. Plaintiffs agree with finding as stated.

Respectfully Submitted,

**HOLBROOK & OSBORN, P.A.**

BY: /s/ Reid F. Holbrook

REID F. HOLBROOK MO#40380
7400 West 110th Street
Overland Park, KS 66210
(913) 342-2500
(913) 342-0603 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that the original and one copy of the above and foregoing has been mailed, postage prepaid, this ___ day of April, 2005, to Mr. James D. Colt, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, 1100 L Street, NW, ATTN: Classification Unit, 8th Floor, Washington, DC 20530.

By: /s/ Reid F. Holbrook
REID F. HOLBROOK