IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT M. MODEER and<br>EMILY W. MODEER,<br><br>Petitioner,<br><br>v.<br><br>THE UNITED STATES,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 03-2783C<br><br>(Judge Bush) |

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
AND ALTERNATIVE CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rule 7.1 of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits the following reply brief in support of its motion to dismiss plaintiff's complaint or alternative cross-motion for partial summary judgment. In support of these motions, we rely upon our opening brief, our Proposed Findings of Uncontroverted Fact, and the following reply brief.

In our opening brief, we demonstrated that the Modeers had not made a written claim to the contracting officer demanding, as a matter of right, payment of the sums that they seek in this action. Def.'s Br. at 5-6.[1] For this reason, they have not met the jurisdictional requirements of 41 U.S.C. § 605. Id. The Modeers' response to our motion to dismiss has acknowledged that the only written demand to the contracting officer consisted of an August 7, 2003, letter. Pl.'s Br. at 1-2.[2] However, the Modeer's attempt to argue that the letter's reference to their right to be paid a a pro rata amount of rent in case of a holdover tenancy satisfies the requirements of a claim. Id.

---

[1]"Def.'s Br." refers to the brief in support of our motion to dismiss and alternative motion for summary judgment that we filed on April 4, 2005.

[2]"Pl.'s Br." refers to the plaintiff's response brief filed on April 22, 2005.

at 2. The purpose of 41 U.S.C. § 605(a)'s requirement of a claim to the contracting officer is to allow the contracting officer to pay claims if they have merit. See, e.g., Reflectone, Inc. v. Dalton, 60 F.3d 1572, 1581-83 (Fed. Cir. 1995). That ability to settle potentially valid claims is why the requisite claim must give the contracting officer "adequate notice of the basis *and amount* of the claim." See, e.g., Kanag'Iq Constr. Co. v. United States, 51 Fed. Cl. 38 (2001) (emphasis added). The Modeers's argument that the contracting officer could have made a simple mathematical calculation of the amount due ignores the fact that the August 7, 2003, letter was written more than three months prior to the November 2003 end of the alleged holdover period in this action.[3] The Modeers also do not dispute that this letter made no specific demand for the alleged utility costs that they now seek. Pl.'s Br. at 4. Plaintiffs cannot invoke this Court's jurisdiction when the only attempt to make a claim to the contracting officer is a letter that referred to the contractor's rights to pro rata compensation when the number of days for which the contractor would seek payment was not certain at the time of the letter's writing.[4] For the reasons shown here and in our opening brief, this Court should dismiss the plaintiff's complaint for failure to satisfy the prerequisites of this Court's jurisdiction.

---

[3]In fact, as we pointed out in our opening brief, this lawsuit itself was filed prior to the alleged November 30, 2003, end of the alleged holdover period.

[4]The Modeers's protest that waiting to comply with the requirement of a claim to the contracting officer would have potentially subjected them to abuse by Government agents perpetually driving up costs to deny them the opportunity to make a claim for a sum certain. Pl.'s Br. at 2-3. However, the period of holdover tenancy that the Modeers allege in this matter supposedly ended 4 days after they filed this lawsuit's complaint. Waiting until their claim matured and making claim to the contracting officer would not have created any danger of perpetual delay, could have satisfied the jurisdictional prerequisites of a suit in this Court, and would have allowed the Government the opportunity to potentially avoid this lawsuit by paying any aspects of the claim that may have had merit.

In the part of our opening brief alternatively arguing for partial summary judgment, we demonstrated that any holdover tenancy period would have ended on November 9, 2003, rather than November 30, 2003, as the Modeers allege. Def.s Br. at 7-8. We also demonstrated that the plaintiff's attempt to add an alternative argument for the first time in their motion for summary judgment contradicted the allegations that they had made in their complaint, and unexplored in discovery, admitting that the Government had paid the rent for June 2003 in full. Id. at 8, n. 4. The Modeer's did not rebut our points about the untenability of raising alternative arguments at the summary judgment that contradicted their complaint. Pl.'s Br. at 5-6. The Modeer's quote Kansas law that does not contradict the principle that we cited, with supporting authority from this Court, that a holdover tenancy would follow the same terms as a prior tenancy. Def.'s Br. at 7; Pl.'s Br. at 5. The Modeers have not disputed that all prior leases ended on the ninth day of the month. Therefore, there is no basis for this Court to find that any holdover tenancy would have ended on any day other than November 9, 2003.

CONCLUSION

For the reasons stated here and in our opening brief, we request that this Court grant our motion to dismiss plaintiff's complaint, or, in the alternative, grant partial summary judgment in our favor.

Respectfully submitted,

PETER D. KEISLER.
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/James D. Colt
JAMES D. COLT
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L. Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 514-7300
Fax: (202) 307-0972

May 6, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2005, a copy of the foregoing DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND ALTERNATIVE CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ James D. Colt