# United States Court of Appeals for the Federal Circuit

06-5019

ROBERT M. MODEER
and EMILY W. MODEER,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

## Judgment

ON APPEAL from the UNITED STATES COURT OF FEDERAL CLAIMS

In CASE NO(S). 03-CV-2783

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

AFFIRMED.

ENTERED BY ORDER OF THE COURT

DATED JUN - 9 2006

Jan Horbaly, Clerk

Issued as Mandate: JUL 31 2006
COSTS:
Printing ........................................ $ 306.48
Total........................................ $ 306.48

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
By:

NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-5019

ROBERT M. MODEER and EMILY W. MODEER,

Plaintiff-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

---

DECIDED: June 9, 2006

---

Before MICHEL, Chief Judge, PLAGER, Senior Circuit Judge and BRYSON, Circuit Judge.

MICHEL, Chief Judge.

Robert M. Modeer and Emily W. Modeer (collectively "the Modeers") appeal from a judgment of the United States Court of Federal Claims, holding the United States liable for four months, rather than five months, of holdover rent in the amount of $264,503.00. Because we agree with the court's interpretation of the lease, we affirm.

## I. BACKGROUND

The Modeers own property located at 25 Funston Road in Kansas City, Kansas. Beginning in 1987, the General Services Administration ("GSA") leased this property on

behalf of the United States Environmental Protection Agency under Lease No. 06P-68579. Most relevant to this appeal is the following provision.

> (a) Payment due date.
>
> (1) Rental payments. Rent shall be paid monthly in arrears and will be due on the first workday of each month, and only as provided for by the lease.
>
> (i) When the date for commencement of rent falls on the 15th day of the month or earlier, the initial monthly rental payment under this contract shall become due on the first workday of the month following the month in which the commencement of the rent is effective.
>
> (ii) When the date for commencement of rent falls after the 15th day of the month, the monthly rental payment under this contract shall become due on the first workday of the second month following the month in which the commencement of the rent is effective.

The lease was extended from time to time via supplemental lease agreements, most recently from July 10, 2002 through July 9, 2003. The annual rent was $793,509.00, to be paid "at the rate of $66,125.75 per month in arrears." It is undisputed that the final payment was made on July 1, 2003.

The lease provided that the government was responsible for the cleanup and removal of hazardous waste which was stored on the property "not later than the termination date of this lease and any extensions hereof." The parties agree that a holdover tenancy was created when the cleanup was not completed until November 4, 2003.

On December 5, 2003, the Modeers filed a complaint in the United States Court of Federal Claims, seeking $330,628.75 for five months of holdover rent plus $4,021.69 for the costs of utilities during the holdover period. After the close of discovery, the

Modeers filed a motion for summary judgment. The government responded with a motion to dismiss for lack of subject-matter jurisdiction, or in the alternative, for summary judgment.

On September 26, 2005, Judge Lynn J. Bush rendered her decision, first addressing whether the court had jurisdiction under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-13. Specifically, the court found that the Modeers sent the contracting officer, Dennis Clemons, a letter on August 7, 2003, providing notice that rent continued to accrue "at the pro rata rate of $793,509 per year until clean up is complete." The Modeers had thus adequately presented their claim for holdover rent to the contracting officer as required by 41 U.S.C. § 605(a), but not their claim for utility costs, such that the court had subject-matter jurisdiction over the former, but not the latter.[1]

On the merits of the holdover claim, the court noted that the most recent supplemental lease agreement covered the lease term from July 10, 2002 through July 9, 2003, at the rate of $66,125.75 per month; thus, each leasehold month began on the tenth day of the month and the final payment made on July 1, 2003 "was for the final month of the lease, June 10, 2003 through July 9, 2003." To the extent that the government had agreed that it did not pay rent for the period between July 1, 2003 and July 9, 2003, the court found this to be a non-binding stipulation of law. It concluded that the Modeers were entitled to only four months of rent for the holdover period from July 10, 2003 through November 4, 2003. The court also granted the Modeers' motion for interest on the holdover rent claim running from the date their claim was received by the contracting officer, later stipulated to be August 11, 2003.

---

1 This ruling has not been appealed.

Judgment was entered accordingly. A timely appeal was filed on November 15, 2005. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II. DISCUSSION

A grant of summary judgment by the Court of Federal Claims is reviewed de novo. Mann v. United States, 334 F.3d 1048, 1050 (Fed. Cir. 2003). This case turns on a question of contract interpretation, which is also reviewed de novo. Varilease Tech. Group, Inc. v. United States, 289 F.3d 795, 798 (Fed. Cir. 2002).

On appeal, the Modeers argue that whether the government paid rent for the period from July 1, 2003 through July 9, 2003 was a question of fact to which the parties had stipulated. Because the answer depends on a proper interpretation of the lease, the court correctly characterized this as a stipulation of law, which was not binding.

The Modeers further contend that payment "in arrears" means "after the rental month," as the Federal Circuit has held in other cases. Thus, they argue, the final payment made on July 1, 2003 could not have covered the period from July 1, 2003 through July 9, 2003. Insofar as other cases involved different lease terms, however, this argument is not persuasive. Regardless, the court correctly found that under the provisions of this lease, a rental month which commences "on the 15th day of the month or earlier" is not yet over when the rent for that month is paid. No other interpretation of the lease is plausible.

In short, we agree with and adopt the reasoning of the lower court. The supplemental lease agreement applied to a term of one year from July 10, 2002 through July 9, 2003 in twelve equal payments of $66,125.75 per month. The lease does not contemplate pro rata payments for periods of time less than a month. Therefore, each

leasehold month began on the tenth of each calendar month. According to the original lease provisions, each monthly rent payment was due on the first day of the following month because the lease commenced on a day before the 15th of the month. Thus, the first payment, for the period from July 10, 2002 through August 9, 2002, was due on August 1, 2002. Twelve months later, the final payment made on July 1, 2003 therefore applied to the period from June 10, 2003 through July 9, 2003. Since the court properly found that there was no rent due for any period prior to July 9, 2003, holdover rent was only owed on the period from July 10, 2003 to November 9, 2003, which was correctly calculated to be four months.

## III. CONCLUSION

For these reasons, we affirm the judgment of the lower court in its entirety.

BILL OF COSTS (File original and three copies with the Clerk within 14 days of judgment.)

Docket No(s): 2006-5019 Caption: Robert M. Modeer and Emily W. Modeer v. United States

The Clerk is requested to tax the following costs against:

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT
JUN 1 6 2006
JAN HORBALY
CLERK

| ITEM | Number of copies | Number of pages | Actual cost | Allowable cost | Total billed | Total taxed |
|---|---|---|---|---|---|---|
| Docketing Fee (if paid in this court) | xxxxx | xxxxx | | | | |
| Table of Designated Materials (original) | xxxxx | 4 | | 6.00 | 24.00 | 24.– |
| Table of Compilation of Designated Materials (copying and collating) | 19 | 4 | 76 | 0.08 | 6.08 | 6.08 |
| Brief (original) | xxxxx | 22 | | 6.00 | 132.00 | 132.– |
| Brief (cover and binding) | 38 | xxxxx | | 2.00 | 76.00 | 76.– |
| Brief (copying and collating) | 19 | | | 0.08 | 30.40 | 30.40 |
| Appendix (original - table of contents) | xxxxx | | | 6.00 | | |
| Appendix (covers and binding) | 19 | xxxxx | | 2.00 | 38.00 | 38.– |
| Appendix (copying and collating) | | | | 0.08 | | |
| Reply Brief (original) | xxxxx | | | 6.00 | | |
| Reply Brief (covers and binding) | | xxxxx | | 2.00 | | |
| Reply Brief (copying and collating) | | | | 0.08 | | |
| Other (describe): | | | | | | |
| GRAND TOTALS | | | | | ~~$330.00~~ | 306.48 |

ab 7/31

City/County of Washington ) District/State of Columbia ) SS

I, James D. Colt, swear under penalty of perjury that the services for which costs are taxed were necessarily performed. Itemized statements of the costs incurred or invoices are attached. Copies of this bill were served on all parties. The certificate of service is attached.

Signature: James D. Colt. Date: 6/15/06 Attorney for: United States

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 16th day of June, 2006, I caused to be served by first class mail, postage prepaid "BILL OF COSTS" addressed as follows:

Frankie J. Forbes
HOLBROOK & OSBORN
7400 West 110th Street, Ste. 600
Overland Park, KS 66210-2362

Phyllis R. Becks